GATLIN et al. *v.* STATE.

In Banc. Nov. 14, 1949.

No. 37343 (42 So. (2d) 774)

**A. B. Amis**, for appellants.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Hall, J.**

Appellants are admittedly guilty of the larceny of $1,100 in currency. They are fifteen and fourteen years of age, respectively. Upon their apprehension a proceeding was instituted in the Youth Court seeking to have them adjudged delinquent and dealt with under the provisions of the Youth Court Act, Chapter 207, Laws of Mississippi of 1946. Upon the hearing, they were adjudged delinquent, but instead of imposing a sentence upon them the Youth Court certified them for proper criminal proceedings to the Circuit Court of Newton County, the order reciting that the offense

committed by them would be a felony if committed by an adult.

In the Circuit Court they were indicted, tried, convicted and sentenced to a term of five years each in Oakley Training School at Oakley, Mississippi, from which they appeal.

It is contended by appellants that the Youth Court first obtained jurisdiction of this matter, that the Circuit Court was wholly without jurisdiction, and that consequently its judgment is void and should be reversed.

Section 3 of the Youth Court Act confers original jurisdiction in that court concerning any delinquent or neglected child "except as otherwise provided herein". Section 9 provides that the Youth Court may terminate its jurisdiction over such child; and Section 15 provides: "If a child thirteen years of age or older is charged with an offense which would be a felony if committed by an adult, the court, after full investigation, may, in its discretion, retain jurisdiction and proceed with the case as a delinquency case, or certify such child for proper criminal proceedings to any court which would have trial jurisdiction of such an offense if committed by an adult, and may fix the amount of bail, except that the circuit court shall have exclusive jurisdiction of such child if he be charged with any crime which, upon conviction, is punishable by life imprisonment or death."

Section 19 of said Act provides that upon conviction of such child in the Circuit Court, the trial judge may, in his discretion, and in lieu of other statutory punishment, commit such child to any state institution now or hereafter established for delinquents.

It will at once be seen from the foregoing sections of the Act that it fully authorizes everything that was done in this case. The Circuit Court was not deprived of its jurisdiction by virtue of the fact that appellants were first brought into the Youth Court, since the latter court, as it was fully authorized to do, certified them over to the Circuit Court for appropriate proceed-

ings against them. The appeal is, therefore, without merit.

■ The Attorney General has filed an able and lengthy brief assailing the constitutionality of numerous provisions of the Youth Court Act, and has asked that we declare the whole act, or at least a goodly portion of it, unconstitutional. It will be noted that this case has been disposed of without reaching the constitutional question. It is well-settled that ■ ■ this Court will not pass upon the constitutionality of a statute unless such decision is necessary to dispose of the case. Numerous cases to this effect are collated in 4 West's Miss. Dig., Constitutional Law, 46.

Affirmed.